<table>
<tr><td colspan="2">

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

</td></tr>
<tr><td>

SHARLENE CHIQUITA PARKER,

                             Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

                            Defendant.

</td><td>

Case No.: 20cv2530-BLM

**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920**

**[ECF NO. 28]**

</td></tr>
</table>

On December 30, 2020, Plaintiff filed a complaint in this matter seeking judicial review of the denial of her "concurrent applications for disability insurance benefits and supplemental security income." ECF No. 1.

On September 30, 2022, the Court issued an Order Granting Plaintiff's Motion for Summary Judgment and Remanding. ECF No. 27.

On November 16, 2022, the parties filed a Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920. ECF No. 28.

The EAJA allows a prevailing party to seek attorney's fees from the United States within thirty days of final judgment. 28 U.S.C. § 2412(d). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th

Cir. 2002). If one of the parties is the United States, either party may file a notice of appeal within sixty days of the order appealed from. See Fed. R. App. 4(a)(1)(B). "A plaintiff who obtains a sentence four remand is considered a prevailing party for attorneys' fees." Akopyan, 296 F.3d at 854. Plaintiff is the prevailing party in this action for purposes of attorney's fees, the parties' joint motion is timely, and the Court finds the stipulated amount of fees and expenses reasonable.

Having considered the joint motion and finding the stipulated amount of fees and expenses reasonable, the Court **GRANTS** the joint motion and **AWARDS** Plaintiff attorney's fees and expenses in the total amount of $6,700.00 as authorized by 28 U.S.C. § 2412, subject to the terms of the parties' joint motion [see ECF No. 28]. Fees will be made payable to Sharlene Chiquita Parker, but if the Department of the Treasury determines that Sharlene Chiquita Parker does not owe a federal debt, then the government will cause the payment of fees, expenses, and costs to be made directly to the Law Offices of Lawrence D. Rohlfing, Inc., CPC pursuant to the assignment executed by Sharlene Chiquita Parker [see ECF No. 28-2]. Any payments will be delivered to Denise Bourgeois Haley.

**IT IS SO ORDERED**.

Dated: 11/17/2022

Hon. Barbara L. Major
United States Magistrate Judge